UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ALICIA CERON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 6:15-CV-01037-CEM-DAB |
| GLOBISER, INC., and GLORIA ARBOLEDA | ) |
| Defendants. | ) |

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ALICIA CERON ("Plaintiff"), and Defendants, GLOBISER, INC. and GLORIA ARBOLEDA (collectively, "Defendants"), through their undersigned counsel and pursuant to Local Rule 3.01(g), jointly move the Court to approve the settlement reached by them in this case with respect to Plaintiff's Complaint, in which she alleges, *inter alia,* violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and to dismiss the Complaint with prejudice. The parties agreed to settle Plaintiff's FLSA claim without compromise, such that she will receive all of the relief she could have obtained by successfully pursuing her FLSA claim against Defendants. Therefore, the parties respectfully submit that the Court may dismiss the Complaint without the necessity of further scrutiny.

BACKGROUND

On or about June 24, 2015, Plaintiff filed her Complaint in the United States District Court for the Middle District of Florida, Orlando Division, under the name and style, *Alicia Ceron v. Globiser, Inc.*, 6:15-CV-01037-CEM-DAB. Plaintiff filed an Amended

Complaint on June 29, 2015. The Amended Complaint contains five (5) counts against Defendants, including: (1) Count I for Violation of the Minimum Wage Provisions of the Fair Labor Standards Act; (2) Count II for Violation of the Overtime Wage Provisions of the Fair Labor Standards Act; (3) Count III for Breach of Contract under Florida Law; (4) Count IV for Violation of FDUTPA; and (5) Count V for Violation of 26 U.S.C. §7374.

Plaintiff performed work for Defendants, on an irregular basis, from 2010 until approximately October 2014. The Complaint alleges, with respect to the FLSA claim, that Defendants failed to pay her the proper minimum wage rate as well as the proper overtime rate for hours worked in excess of forty (40) per week.

During early litigation settlement negotiations, Plaintiff's counsel submitted information alleging that Plaintiff was owed one thousand, five hundred dollars ($1,500.00) in unpaid minimum wages and overtime wages. Through settlement negotiations, the parties have agreed to a full and final settlement of the dispute between them. Although the settlement resolves all claims asserted in the Amended Complaint, Plaintiff and Defendants negotiated the settlement of the Complaint's FLSA claim(s) separately from the remaining claims in the Complaint. Consequently, the parties' settlement of the non-FLSA claims had no effect on the amount of the agreed-upon settlement sum that specifically relates to Plaintiff's FLSA claim(s).

Pursuant to Plaintiff and Defendants' settlement of the Complaint's FLSA claim(s), Defendants will pay Plaintiff $1,500.00 in allegedly unpaid overtime compensation and $1,500.00 in liquidated damages. *See* FLSA Settlement Agreement, attached as Exhibit A. Defendants will also pay Plaintiff's counsel, Hogan & Hogan, P.A., $1,750.00 in attorneys' fees, specifically in relation to the settlement of the FLSA claim. *Id.* In exchange for these payments, Plaintiff agrees to release Defendants from the claim(s) brought in the Complaint under the

FLSA. *Id.* Plaintiff and Defendants agree this is a fair and reasonable settlement of a bona fide dispute.

I.   **FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

   A.   **The Settlement is Without Compromise, and, as Such, is Inherently Reasonable and Fair.**

Pursuant to the case law of this Circuit, judicial review and approval of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn,*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

To the extent an FLSA settlement involves a compromise with respect to the alleged damages amount, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If, on the other hand, the plaintiff's claims will be paid in full, without compromise, heightened scrutiny is not required. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009) (citing *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Here, the settlement of Plaintiff's FLSA claim is inherently fair and reasonable, as it does not require Plaintiff to compromise the amount of unpaid wages and liquidated damages to

which she claims entitlement. She is receiving all the relief she could have obtained by successfully pursuing her FLSA claim(s) against Defendants.

### B. All of the Relevant Criteria Support Final Approval of the Settlement.

Should the Court nonetheless wish to scrutinize the terms of the settlement for fairness and reasonableness, it should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement:
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006). The Court should keep in mind the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3*; see also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Daniel A. Perez, of Hogan & Hogan, P.A., and Defendants was represented by Benjamin D. Sharkey, Esq., and Colin A. Thakkar, Esq., of Jackson Lewis P.C. All of the counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act. Each counsel was obligated to and did vigorously represent his clients' rights, and exchanged information with

the other side through substantial discovery proceedings. The amount to be paid to Plaintiff as settlement of her FLSA claim(s) is fair, as she is settling such claim(s) against Defendants without compromise.

The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of the FLSA claim(s) asserted by Plaintiff. If this case was litigated further, Plaintiff would have to prove that she performed work for Defendants for which she was not properly compensated. *See Reyna v. Conagra Foods, Inc.,* No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006), *citing Anderson v. Mt. Clemens Pottery Co.,* 382 U.S. 680, 687, 66 S.Ct. 1187, 90 L. Ed. 1515 (1946). Defendants adamantly maintain that Plaintiff was properly classified and compensated, and in compliance with applicable state and federal law, for all hours worked. Notwithstanding this dispute, the settlement will result in Plaintiff receiving all amounts she could have received from Defendants had she litigated her Complaint to its conclusion and prevailed on the FLSA claim(s). Both parties would be forced to engage in complex, costly, and protracted litigation if this case were to proceed. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties both exchanged relevant materials, during initial settlement negotiations, regarding Plaintiff's work status and the hours in which she performed work for Defendants. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits and the amount she would be awarded in relation to her FLSA claim(s) is also uncertain, further suggesting that this settlement is fair and appropriate. The parties agree that the outcome of litigation is uncertain. The range of possible recovery by Plaintiff is also open to dispute, albeit limited based on the relatively low number of hours for which Plaintiff claims to have not been properly compensated. Even if Plaintiff succeeds on the merits of her claim(s), which would require substantial additional time and exercise of resources by both parties, she would not recover more from Defendants than she will receive in connection with this settlement.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). The Court reviews the amount of plaintiff's counsel's fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount a wronged employee recovers under a settlement agreement. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

Here, both parties stipulate that the proposed fees to Plaintiff's counsel are reasonable. Additionally, no conflict of interest between Plaintiff and her counsel taints the amount Plaintiff will receive under the settlement because Plaintiff is receiving all the relief she could recover if she were to prevail on her claims against Defendants even when the fees are deducted from the settlement sum. Therefore, both parties request that this Court find the proposed attorneys' fees reasonable.

The Settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

Respectfully submitted this 26th day of October 2015, by

By:  */s/ Daniel A. Perez*
Daniel A. Perez, Esq.
Florida Bar No.  426903
Email: dperez@hoganlegal.com
Hogan & Hogan, P.A.
906 E. Michigan Street
Orlando, FL  32806
Telephone:  (407) 422-2188
Facsimile:  (407) 422-3291

Attorney for Plaintiff,
ALICIA CERON

By:  */s/ Colin A. Thakkar*
Benjamin D. Sharkey
Florida Bar No.  389160
sharkeyb@jacksonlewis.com
Colin A. Thakkar
Florida Bar No. 0010242
colin.thakkar@jacksonlewis.com
JACKSON LEWIS, P.C.
501 Riverside Avenue, Suite 902
Jacksonville, Florida 32202
Telephone:  (904) 638-2655
Facsimile:  (904) 638-2656

Attorneys for Defendants,
GLOBISER, INC.

4815-9739-8056, v.  1